**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000225**
**31-JAN-2014**
**08:42 AM**

NO. CAAP-10-0000225

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRYAN K.A. MULLER, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0879)

SUMMARY DISPOSITION ORDER
(By: Foley and Ginoza, JJ. with Nakamura, C.J. dissenting)

Defendant-Appellant Bryan K.A. Muller (Muller) appeals from a Judgment of Conviction and Probation Sentence filed on November 16, 2010, in the Circuit Court of the First Circuit (circuit court).[1] Judgment was entered against Muller on Count II[2] for Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707-732(1)(b) (Supp. 2012).[3]

---

[1] The Honorable Randal K.O. Lee presided.

[2] The indictment charged Muller with three Counts: Sexual Assault in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (Supp. 2012) (Count I); Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (Supp. 2012) (Count II); and Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (Count III). Muller was found not guilty on Counts I and III.

[3] HRS § 707-732(1)(b) provides in pertinent part:

§707-732 **Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:
. . .
(b)   The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

On appeal, Muller contends: (1) the circuit court erred in not dismissing Count II for lack of subject matter jurisdiction because the indictment failed to allege an essential element of the charge; (2) the prosecution invaded the province of the grand jury; (3) the circuit court erroneously excluded relevant evidence; (4) the circuit court erred by not granting Muller's motions for judgment of acquittal based on insufficient evidence; (5) the circuit court erred in its instructions to the jury; (6) the statutory definition of sexual contact is vague as applied in this case; and (7) errors not raised by trial counsel may have constituted ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Muller's points of error as follows:

Count II of the indictment against Muller states in relevant part:

> COUNT II: On or about the 1st day of October, 2008, to and including the 24rd [sic] day of December, 2008, in the City and County of Honolulu, State of Hawaii, BRYAN K.A. MULLER did knowingly subject to sexual contact, [complaining witness], who was less than fourteen years old or did cause [complaining witness] to have sexual contact with BRYAN K.A. MULLER, by inserting his tongue in her mouth, thereby committing the offense of Sexual Assault in the Third Degree in violation of Section 707-732(1)(b) of the Hawaii Revised Statutes.

During the trial court proceedings, Muller did not challenge the sufficiency of the indictment. Where the appellant alleges a charge is defective for the first time on appeal, an appellate court must "liberally construe the indictment in favor of validity[.]" State v. Motta, 66 Haw. 89, 93, 657 P.2d 1019, 1021 (1983); see also State v. Wells, 78 Hawaiʻi 373, 894 P.2d 70 (1995). In such circumstances, a conviction will not be reversed "unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." Motta, 66 Haw. at 91, 657 P.2d at 1020 (emphasis added).

On appeal, Muller asserts for the first time that the indictment failed to allege all the essential elements of the offense charged. Specifically, Muller contends that Count II of the indictment failed to allege the essential element that Muller and the complainant were not married to each other, rendering the charge deficient. The Hawai'i Supreme Court has set out the four material elements of the offense of sexual assault in the third degree under HRS § 707-732(1)(b), one of which is "that [the defendant] was aware that the Minor was not married to him (*i.e.*, the requisite knowing state of mind with respect to the attendant circumstance implicit in 'sexual contact,' . . .) [.]". State v. Arceo, 84 Hawai'i 1, 15, 928 P.2d 843, 857 (1996). Therefore, Count II should have alleged that Muller *was aware* that the complainant was not married to him.

Although Muller challenges the sufficiency of the charge for the first time on appeal, it appears that even in this circumstance his conviction must be vacated and the case remanded for dismissal without prejudice. Recently, in State v. Akitake, No. SCWC-29934 (Haw. Jan. 10, 2014) (SDO), the Hawai'i Supreme Court held in similar circumstances, *i.e.* the defendant challenged the charge for the first time on appeal, that because the charge lacked an allegation of an attendant circumstance which was an element of the offense, the charge failed to state the subject offense. The majority in Akitake relied on State v. Apollonio, 130 Hawai'i 353, 358, 311 P.3d 676, 681 (2013), and stated in relevant part:

> As the charge lacked an allegation of an attendant circumstance, which is an element of the offense of OVUII, it failed to state the offense of OVUII. *Cf. State v. Apollonio*, 130 Hawai'i 353, 358, 311 P.3d 676, 681 (2013) (dismissing without prejudice excessive speeding complaint, the deficiency of which was raised for the first time on appeal, because complaint failed to allege mens rea, and could therefore not be construed to state the offense of excessive speeding).

Akitake, SDO at *1. The relevant portion of Apollonio, in turn, held that even under the liberal construction standard, because the charge failed to allege the required *mens rea*, the charge "cannot be reasonably construed to state an offense." 130

3

Hawai'i at 358, 311 P.3d at 681 (citation and internal quotation marks omitted).

Here, Count II failed to allege an attendant circumstance which was an element of the offense. Under the holdings and rulings in <u>Apollonio</u> and <u>Akitake</u>, even though Muller did not challenge the sufficiency of the charge until this appeal, the charge "cannot be reasonably construed to state an offense" and the conviction must be vacated. We need not reach Muller's other points of error.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on November 16, 2010, in the Circuit Court of the First Circuit, is vacated and the case is remanded with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawai'i, January 31, 2014.


On the briefs:

Paul J. Cunney
Victor J. Bakke
Marcus B. Sierra
Dean C.M. Hoe
Daniel J. Kawamoto
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Associate Judge

Associate Judge